UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>    Eric S. Stearns and<br>    Cheri J. Stearns,<br><br>                            Debtors. | Case No. 09-30148-5<br><br>Chapter 13 |
| Eric S. Stearns,<br><br>                            Plaintiff,<br>v.<br><br>Empower Federal Credit Union,<br><br>                            Defendant. | Adv. Proc. No. 09-50017 |

Appearances:

| | |
|---|---|
| Whitelaw & Fangio<br>Attorneys for Eric S. Stearns<br>247-259 W. Fayette Street<br>Syracuse, NY 13202 | Mary Lannon Fangio, Esq. |
| Costello, Cooney & Fearon, PLLC<br>Attorneys for Empower Federal Credit Union<br>205 South Salina Street<br>Syracuse, NY 13202 | Anthony R. Hanley, Esq. |

Margaret Cangilos-Ruiz, U.S. Bankruptcy Judge

### MEMORANDUM-DECISION AND ORDER DENYING SUMMARY JUDGMENT AND SETTING TRIAL

The parties in this adversary proceeding, Eric S. Stearns ("Plaintiff") and Empower Federal Credit Union ("Defendant"), have both moved for summary judgment pursuant to Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 7056, which incorporates by reference Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). At issue is the

1

existence of a valid security interest where the necessary elements are embodied in a group of agreements, rather than a single document. Plaintiff seeks a declaration that Defendant does not have a valid security interest in a 2007 Dodge Ram ("Vehicle") and that Defendant's seizure of the Vehicle was improper. Plaintiff also seeks recovery of the Vehicle and an award of damages. Defendant seeks a declaration that it holds a valid, perfected security interest in the Vehicle. Because the court finds that the requisite intent to create a security interest has yet to be established and is not supported by the current record, summary judgment is denied as to both parties. This memorandum-decision sets forth the court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 9021.

## JURISDICTIONAL STATEMENT

This court has core jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157(a), (b)(1), and (b)(2)(K).

## UNDISPUTED FACTS

The parties filed a joint stipulation of the underlying facts. *See* "Joint Stipulation of Facts" filed at Docket No. 8. Plaintiff and his wife filed a joint Chapter 13 petition on January 23, 2009. On the petition date, Plaintiff was a debtor or joint debtor on five accounts held by Defendant. The accounts include: (1) overdraft line of credit (#142) in the amount of $519.00, (2) Visa account (#165) in the amount of $1,348.19, (3) car loan (#153) in the amount of $2,381.23, (4) motorcycle loan (#154) in the amount of $20,122.67 and (5) car loan (#151) in the amount of $39,916.62.

The loan at issue is car loan #151 ("Loan 151"), which Plaintiff entered into on September 15, 2007. A Loanliner Open-End Disbursement Receipt Plus ("Receipt") lists the

Vehicle as the "Security Offered." Plaintiff did not sign the Receipt, as the document lacks a signature line. However, the Receipt recites:

> By endorsing the proceeds check for the advance described above, or by having the loan proceeds deposited into your share/share draft account or paid to a third party, you agree: (1) that the property described in the Security Offered section above ("Property") is security under the terms of the LOANLINER Credit and Security Agreement (the "Plan") for all amounts you owe under the Plan and that the property description is incorporated into and a part of the Plan; (2) that the Property is also security for any other loans, including but not limited to, any credit card loan that you have with the credit union now or in the future; and (3) to make payments as disclosed above and in accordance with the terms of the Plan.

On the same day, Defendant issued a check in the amount of $12,009.21 to Plaintiff and Friendly Dodge ("Check"). Both payees endorsed the Check.

On the same day, September 15, 2007, Plaintiff executed a Loanliner Open-End Application and Plan Signatures Plus ("Application"). A motorcycle, which Plaintiff refinanced that day, is the only collateral specifically listed for the amount requested. Both the Receipt and the Application incorporate the terms contained in the Loanliner Credit and Security Agreement ("Agreement"), which reserve Defendant's right to demand additional security.

The New York State Department of Motor Vehicles processed and filed a lien asserted by Defendant in the Vehicle ("Lien") on October 10, 2007. The Receipt's repayment terms obligated Plaintiff to pay Defendant $684.75 each month. Plantiff made payments on Loan 151 pursuant to the terms of the Receipt through May 2008. Plaintiff then defaulted under the loan. Defendant filed a Proof of Claim in the amount of $39,916.62 for Loan 151, secured by the Vehicle.

3

## STANDARD FOR SUMMARY JUDGMENT

In accordance with Fed. R. Civ. P. 56(c), summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Morenz v. Wilson-Coker*, 415 F.3d 230, 234 (2d Cir. 2005). The moving party bears the burden of demonstrating that no genuine issue of material fact is in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the motion is appropriately supported, mere denials by an opposing party in its pleadings are insufficient; a party opposing summary judgment must respond by affidavits setting forth facts demonstrating a genuine issue of fact for trial. Fed. R. Civ. P. 56(e)(2).

## DISCUSSION

The court first considers the legal arguments raised by Defendant in support of its motion for summary judgment. Defendant alleges that (1) a valid security agreement may exist where the necessary elements are embodied in a group of agreements, rather than a single document and (2) Defendant holds a valid security interest in the Vehicle, as there is a writing expressing a "present intent" to create a security interest, Plaintiff signed a writing affirming the intent to create a security interest and there is an adequate, written description of the Vehicle.

The court accepts, and Plaintiff concedes, that a valid security interest may exist where the necessary elements are embodied in a group of writings rather than a single document. *In re Coffee Cupboard, Inc.*, 33 B.R. 668, 671 (E.D.N.Y. 1983) ("[A] security agreement may be found through a collective examination of various documents none of which could, standing alone, satisfy the requirements for a security agreement found under UCC section 9-203."); *In re*

4

*Cantu*, 238 B.R. 796, 799 (8th Cir. B.A.P., 1999), *aff'd by* 221 F.3d 1341 (8th Cir. 2000). Courts have found a security interest from a collection of instruments "based on the presence of language memorializing the requisite intent." *In re Kam Kuo Seafood Corp.*, 76 B.R. 297 (S.D.N.Y. 1987); *see also In re Cantu*, 238 B.R. at 799.

Defendant asserts that it holds an enforceable security interest because the three New York Uniform Commercial Code section 9-203 requirements are satisfied. Two of the three requirements are not in dispute, namely that value was given and the debtor has rights in the collateral. The final "writing requirement" contains three components: an intent to form a security interest, authentication and a description of the security. *In re Coffee Cupboard, Inc.*, 33 B.R. at 672 (holding "(1) there must be a writing expressing a present intent to create a security interest; (2) there must exist a signature of the debtor affirming that intent; and (3) an adequate description of the collateral must exist").

Defendant argues that a compilation of documents, read together, satisfy the "writing requirement." Defendant notes that the "adequate description" component is not at issue, as the Receipt satisfactorily provides the Vehicle's make, model, year and Vehicle Identification Number. However, Defendant argues that the Receipt and the Application, which incorporates the Agreement's terms by reference, demonstrate Plaintiff's "present intent" to grant a security interest and that Plaintiff's signature on both the Check and the Application satisfies the authentication component.

Although the Receipt's language undoubtedly conveys Defendant's intention to create a security interest in the Vehicle, the court finds that Plaintiff's "present intent" to be bound is not equally apparent. In the absence of any clear evidence that Plaintiff negotiated the Check with

knowledge of the language printed on the Receipt or that the parties' course of conduct corroborates the requisite "present intent," the court declines to find as a matter of law that the unsigned, nonnegotiable Receipt and the executed Check satisfy this requirement. Furthermore, the Application fails to demonstrate Plaintiff's "present intent" to offer the Vehicle as collateral, despite the fact that it incorporates by reference the Agreement. The Agreement's boilerplate language reserves Defendant's right to demand additional security; however, the Agreement, an unsigned pamphlet, does not explicitly state that it "shall" or "will" require additional security. As the Application specifically identifies a motorcycle and fails to identify the Vehicle, the court declines to find that the Application satisfies this requirement.

In support of its cross-motion for summary judgment, Plaintiff contends that the compilation of documents fails as a matter of law to create a valid security interest because the writings do not clearly express a "present intent" to form a security interest. Plaintiff posits a number of rhetorical questions, which serve to highlight the factual issue as to Plaintiff's understanding and intent at the time he obtained the loan regarding Defendant's interest in the Vehicle. Mindful that "summary judgment is sparingly used where intent and state of mind are at issue," the court requires a factual record from which the presence or absence of the requisite intent may be inferred. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d. Cir. 2000).

In light of the insufficient proof regarding the "present intent" to form a security interest, the court does not reach the issue of whether Plaintiff's signature affirms that intent. Summary judgment is, accordingly, denied. Trial of this adversary proceeding shall proceed on January 14, 2010 at 10:00 a.m. at the United States Bankruptcy Court, James M. Hanley United States Courthouse and Federal Building, 2nd Floor, 100 South Clinton Street, Syracuse, New York. The

previously filed joint stipulation of facts remains part of the record.  The parties shall file and serve any additional exhibits intended to be introduced at trial (original exhibits plus two copies delivered to the court) and a list of witnesses intended to be called to testify, service of which shall be made so as to be received not later than January 7, 2010.  The parties are directed to notify the court in the event this matter settles and the trial date is no longer required.

So ordered.

Dated: November 30, 2009
      Syracuse, New York

Hon. Margaret Cangilos-Ruiz
United States Bankruptcy Judge